See note in 1 Sil. (Sup. Ct.), 1.

CLARINDA E. OBER, Respondent, *v.* HOSEA J. OBER, Appellant.

*Supreme Court, Third Department, General Term, December* 11, 1889.

*Divorce. Counsel fees.*—The husband should not be directed to pay counsel fees or alimony in an action for divorce where the wife's act led him into the alleged wrong.

Appeal from order granting plaintiff an allowance for counsel fees and expenses in this action for divorce.

*R Corbin,* for appellant.

*John P. Kellas,* for respondent.

LEARNED, P. J.—The plaintiff brings this action for divorce on the ground of adultery. The defendant admits that he was married to plaintiff, as alleged; avers that in an action

heretofore brought by the plaintiff against him in New Hampshire for divorce on the ground of adultery a judgment was heretofore entered, by which the marriage was annulled ; avers that after said divorce he married, in the state of Massachusetts, the woman with whom, in the present complaint, he is alleged to have committed adultery. The plaintiff asked for alimony and an allowance for counsel. The special term granted the latter only, and the defendant appealed. In her petition for alimony the plaintiff set forth the New Hampshire action, giving a copy of the judgment roll, and averred that that judgment was void. The principal fact stated to show that the judgment was void was that defendant was not a resident then of New Hampshire.

The defendant's contention is that where the marital relation is shown not to exist there should be no allowance for alimony or counsel fee ; and that by the decree in New Hampshire this relation has been dissolved.

On the motion papers for alimony appears a copy of the judgment roll in the divorce suit in New Hampshire.

In considering this question we should notice the reason for which courts originally granted alimony and allowances. It was that a married woman could make no contract, and therefore could not agree to compensate the counsel, and also that she, to state it loosely, had no property under her control, and therefore had no means of payment.

Her condition at this day is quite different, although the power to grant alimony and allowance is continued by the Code.

But in the present case the plaintiff, as a practical matter, has been for some five years free from her husband. She on her own motion has become separated from him. He has accepted the decision of the New Hampshire court by marrying again. So that he could not, as a practical matter, assert any power or control over her. She really stands as independent of him, whatever the legal position may be, as any plaintiff towards any defendant. Why then should he be required

to pay her counsel ? They will be employed to show that a judgment which she obtained, and which he has in the most solemn manner accepted, is void. They will be employed to show that he has committed the crime of bigamy, and doing this on reliance in her most solemn assertion that he was free to marry.

Of course these considerations may have no effect on the trial of the issues. But it seems to us that they are very important on the present question.

We do not think it reasonable to compel the defendant to pay the counsel fees of a litigation where the plaintiff's own act has led him into the alleged wrong.

The learned justice at special term had himself much hesitation in granting any allowance, and on the whole we think none should have been granted.

Order reversed and motion denied. No costs.

LANDON and FISH, JJ., concur.

---

### NOTE ON " ALIMONY AND COUNSEL FEES."

The granting or refusing an allowance of alimony and expenses during the pendency of an action for divorce rests in the sound discretion of the court at general term, and the exercise of that discretion will not be interfered with on appeal, unless it has been clearly abused. Pettee *v.* Pettee, 45 N. Y. St. Rep. 549. In general, if a wife who is sued for divorce, in her answer either denies her guilt or sets up affirmative defenses, such as forgiveness or recrimination, counsel fees and alimony will be allowed her, unless the court is satisfied that she is altogether in the wrong or has no reasonable ground of defense. Id.; Starkweather *v.* Starkweather, 29 Hun, 490 ; Clark *v.* Clark, 7 Robt. 284. But, when the special term reaches the latter conclusion from evidence which may reasonably justify it, the general term should not interfere with the exercise of such discretion in denying alimony and counsel fees. Id.

The court may direct the payment of alimony and counsel fees by a husband to the wife, pending her action for a limited divorce. Hardy *v.* Hardy, 35 N. Y. St. Rep. 832.

Where the counsel will not proceed, without compensation, to perfect the judgment, after a trial in a divorce suit, the court may make an allowance for counsel fees. McBride *v.* McBride, 53 Hun, 448.

A second allowance may be made to a wife in an action for divorce, in a

proper case, notwithstanding a stipulation that no application should be made therefor.   Van Wormer v. Van Wormer, 57 Hun, 496.

An allowance of counsel fees in final judgment is unauthorized.   Williams v. Williams, 53 Hun, 636.

The proper amount of alimony in such case, stated.   Id.

The general term can strike out of the judgment, in an action for divorce, an amount allowed for the repayment of sums expended by the wife in her support and maintenance, since the commencement of the action, as improvidently allowed but not upon ground that the special term had no power to allow it.   Percival v. Percival, 124 N. Y. 637.

The latter court has power, upon awarding a wife a decree of separation, to award her an amount for repayment of sums expended by her in her support and maintenance since the commencement of the action.   Id.   But the discretion of the general term in striking out such allowance will not be reviewed in the court of appeals, where the order does not expressly state that it was stricken out for want of power in the court to grant it.   Id.

Alimony and counsel fees, pending appeal, may be granted.   McBride v. McBride, 55 Hun, 401.

But such determination is not final pending appeal.   Id.

Temporary allowance and counsel fees may be granted in an action for divorce during appeal, though defendant has procured a stay of proceedings. McBride v. McBride 119 N. Y. 519.

Where the plaintiff is awarded an allowance for counsel fees, the defendant has no right to ask nor to insist that part of such allowance go to pay witness' fees.   Pountney v. Pountney, 56 Hun, 647.   The allowance belongs to the plaintiff's attorney.   Id.

In the case reported above, the plaintiff sued for divorce on the ground of adultery and obtained an order granting her counsel fees, but no alimony. It appeared that five years previously she had obtained an absolute divorce in another state on the same ground, and that defendant had since married outside of this state a woman with whom plaintiff now claims he committed adultery.   Plaintiff now insists that the first divorce was void.   It was held that the plaintiff was not entitled to counsel fees and that the order granting them should be reversed.

The rule as to granting alimony and counsel fees in actions for divorce is to allow only such sums as the husband is able to pay, and sufficient to properly support the wife and enable her to try the action.   Gilbert v. Gilbert, 48 Hun, 618.

The courts cannot make an allowance to a wife for past expenses incurred in an action for divorce.   Stampfer v. Stampfer, 58 Supr. 587.

There can be no necessity for an allowance to make a defense which has already been made, or solely to pay expenses already incurred.   Beadleston v. Beadleston, 103 N. Y. 402.   Where the wife has defended an action which has proceeded to a referee's report against her, she cannot, before judgment, while the action is pending, have an order compelling her husband to pay her a sum for the expenses of such defense, especially where

there is no proof that such sum is necessary to enable her to further carry on the defense in the action. Id.

Court has no power to compel the husband, in an action against him for divorce, to pay for the printing of papers on an appeal by the wife from a judgment dismissing her complaint. Fagan *v.* Fagan, 39 Hun, 531.